# FRANCISCO SANCHEZ RODRIGUEZ et al.

*v.*

# AUGUST GOFFINET et al.

San Juan, Equity, No. 1007.

BILL FOR AN ACCOUNTING.

Fraud—Allegations.

    1. An accounting based upon fraudulent proceedings necessarily involves a great many circumstances.

Pleadings—Combination.

    2. A unity of wrongdoing justifies joinder of defendants in demand for accounting.

Pleadings—Conclusions of Law.

    3. It is not proper to state conclusions of law in pleading.

Suit for Damages—Accounting.

    4. While each particular item of an account is for money, the accounting in general where the items are numerous and confused is not a matter cognizable at law.

Bond—Where Right to Sue Ends.

    5. A bond for an injunction is suable in the court approving it, and what is not covered by the bond is not recoverable at all, but unlawful abuse of property may be a subject of suit apart from the injunction bond.

Laches—Delay.

    6. Laches is a defense where the plaintiff allows time to intervene, and varies the circumstances of the parties. Mere delay in suing does not amount to laches.

Opinion filed September 12, 1918.

*Mr. Charles Hartzell* for plaintiffs.

Rodriguez v. Goffinet.

*Mr. H. G. Molina* for defendants.

HAMILTON, Judge, delivered the following opinion;

The bill in this case was filed April 3, 1918, and is now submitted on motions of the several defendants to strike and to dismiss on different grounds set up. The bill sets out that plaintiffs had several contracts with defendants Goffinet or with the defendant Societé Anonime de Sucreries de Saint Jean on the side of the plaintiffs as to planting and delivering sugar cane on certain lands, and on the side of the defendants as to advances and payments therefor at agreed prices. That the defendants did not make the advances agreed and as a result the plaintiffs could not furnish the cane as they agreed, and that Goffinet sued plaintiffs in the local district court at Humacao, obtaining a temporary injunction, which was dissolved on final hearing by the local supreme court on appeal. That these different acts and proceedings resulted in heavy losses to plaintiffs, with the result that they pray for an accounting and decree accordingly.

1. The proceedings are so complicated and as set out in the bill allege so much that is wrongful that it would not be advisable in this any more than in any case of alleged fraud to tie plaintiffs down to general statements. An accounting based upon fraudulent proceedings must necessarily involve a great many circumstances, and accordingly the motions to strike and dismiss so far as not otherwise passed on herein are to be held as denied.

2. The allegations, so far as they have relation to understandings, agreements, and combination between the defendants,

are strictly in point, as it is only in this way that the accounting can be held to extend to all the defendants. If, as alleged, the defendant the Societé Anonime adopted the acts of. defendants Goffinet, or defendants Goffinet were acting as agents of the defendant Societé Anonime, there comes about such a unity of wrongdoing that they are properly joined together in the demand for accounting.

3. The motion to strike numbered three on the ground that certain allegations of the legal duty of defendants are conclusions of law is well taken. It is not necessary or proper in any case to state conclusions of law, and the motion in this particular is sustained.

4. It is set up in the Goffinet motion to dismiss that the suit is one of damages, and as such is cognizable at law, and not in equity. There is a sense in which every suit relates to damages, for, except in the case of preventive measures looking to life or health, which cannot be measured in money, every litigation has reference to injury measured in dollars and cents. This is not the same, however, as saying that everything of this kind is a suit for damages. The common counts in law sound in damages, but they are universally treated as contractual. Every item of any account is expressed in money, and, if it stood alone, might be the subject of a recovery at law. Nevertheless when these items are numerous and confused, and grow out of interrelated acts of the plaintiffs and defendants, they constitute the subject-matter of equity and not of law proceedings, and, as in this case, are properly sued on as for an accounting in equity.

5. Other elements of the motions to dismiss set up that the local district court of Humacao, and not this court, has jurisdiction, because defendants gave an injunction bond in that

court to respond for damages. While ordinarily a man is liable for every act or omission which causes damage to another, an exception is made in favor of suits at law or in equity. A man may sue another, and not be subject to damages caused by the suit, because, if he were, the litigation would be interminable, each action affording ground for another for damages caused by the proceeding, so that to avoid this result the statute allows damages only in certain cases such as injunctions, a bond being required to respond therefor. In other words, a suit upon a bond is the only method of recovering damages which grow out of the fact of litigation, and such suit of course is limited to instances where the bond is required by law. The bill in this case does not say that a bond was required in the injunction suit, alleging merely that injunction was granted by the court. Construing the pleading against the pleader, this would mean, however, that a bond was fixed and given, because otherwise the court could not with propriety have granted the injunction under the law. Supposing a bond to have been allowed then in the local court, does this prevent accounting in any other court for the damages set out in the bill of complaint? The answer would have to be in the affirmative as to what was covered by the bond, and what was not covered by the bond would not be recoverable at all. But this relates only to the litigation in the local court; it cannot be construed to take away any rights the plaintiffs, defendants there, had independently of the bond. Thus, taking and abusing property unlawfully might subject one to damages if there had been no injunction issued, and on the statements of the bill it would seem that such damages are claimed. It may well be that upon the evidence some items embraced within the proposed accounting would not be per-

mitted, but this point is not set up by the motion and need not be decided at this time.

6. Laches is alleged in that the plaintiffs allowed a crop and a half to intervene before seeking relief. It is difficult to see that his own prolongation of the injury complained of can benefit the defendant. Laches is a defense where the plaintiff allows time to intervene, varying with the circumstances of the different cases, so that it would be inequitable to restore the party to the original condition or to give relief which would amount to the same thing. Why the plaintiffs delayed a crop and a half does not appear, nor does it appear that he should have sued more promptly. It does not seem that this defense properly arises in the case at bar.

It follows, therefore, that the motions to strike and to dismiss must be denied, with the exception of the one mentioned in paragraph 3 of this opinion.

It is so ordered.